# Exhibit A

## Declaration of Bob White

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | |
|---|---|
| JOHN C. FRAZIER III and LINDA FRAZIER, d/b/a MARKLEY COVE RESORT; LAGUNA HERMOSA CORPORATION, d/b/a RANCHO MONTICELLO RESORT; REL LIMITED, d/b/a SPANISH FLAT RESORT; AND STEELE PARK RESORT, INC., Plaintiffs, v. UNITED STATES, Defendant. | No. 07-636C (Judge Lynn J. Bush) |

**DECLARATION OF ROBERT WHITE**

I, Robert White, pursuant to 28 U.S.C. § 1746, declare:

1. I am treasurer of Laguna Hermosa Corporation (d/b/a Rancho Monticello Resort), one of the Plaintiffs in the above-captioned matter. I have personal knowledge of the facts and circumstances in this case, including those set forth in Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Preliminary Injunction and Response to Defendant's Cross-Motion for Summary Judgment on the Administrative Record. I also have personal knowledge of the facts and circumstances of this case as they relate to the other Plaintiffs in this case (together, "the Resort Owners").

2. The Prospectus relies on appraisals for each of the Lake Berryessa resorts to determine the value of permanent property on the concession sites. In appraising the value of Plaintiffs' property, Reclamation appraisers conducted only a "cost approach" valuation of Plaintiffs'

property, contrary to the requirements set forth in the Statement of Work and the Instructions. The cost approach analysis is based solely upon an replacement cost estimate, less an estimate of the depreciation for the item. The cost analysis is therefore incomplete because it did not include numerous permanent improvements made by Plaintiffs.

3. Despite Reclamation claims to the contrary, the appraisal instructions came from the agency, not Plaintiffs. In response to a request from Plaintiffs, Reclamation's Mike Finnegan provided our consultant, Mike Kelly, with the appraisal instructions at issue. These instructions were provided to us under the representation that Reclamation would be using the instructions for its own appraisals.

4. By requiring Plaintiffs to remove all mobile homes and trailers from the concession property prior to the termination of the current concession contracts, the Prospectus imposes an impossible requirement on Plaintiffs. The California Department of Transportation only issues two permits for the transport of travel trailers and mobile homes per week. That number is insufficient to allow Plaintiffs to remove all of the mobile home property at the lake by the deadline imposed by the Prospectus. Reclamation knew this; nevertheless, the Prospectus provides that if any mobile units remain at the termination of the current concession contracts, Reclamation may disqualify the Resort Owners from consideration for the new concession contracts.

5. Reclamation's own process to approve property removal further hampers Plaintiffs' ability to meet the deadline for the removal of the mobile homes and trailers. Under Reclamation's plan, each mobile home tenant must submit a plan for removal of property, which the agency then reviews. Plaintiffs cannot initiate removal of the mobile homes without this prior written approval from Reclamation. Additionally, Plaintiffs have little, if any, control over

the preparation and submission of these individual plans and no control over their approval. To date, Reclamation has issued approvals for a mere fraction of the mobile homes at the lake.

6. Reclamation denied Plaintiffs' request for a blanket removal policy which would have expedited the removal process. Reclamation's insistence on individualized approvals prevents Plaintiffs' from removing all property by the termination dates established in the Prospectus and eliminates Plaintiffs' from consideration for the new concession contracts.

7. Where Reclamation has provided removal instructions, it has ordered Plaintiffs not to remove any property attached to the ground. Reclamation has declared that numerous property items and improvements must remain at the lake and therefore must be appraised and their owners compensated. These appraisals have not yet to be performed and have not been incorporated into the terms of the Prospectus.

I do declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Robert White

Executed on this 9th day of October, 2007.