IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST ACTION

| | | |
|---|---|---|
| JOHN C. FRAZIER III and LINDA FRAZIER, d/b/a MARKLEY COVE RESORT; LAGUNA HERMOSA CORPORATION, d/b/a RANCHO MONTICELLO RESORT; REL LIMITED, d/b/a SPANISH FLAT RESORT; AND STEELE PARK RESORT, INC., | ) | No. 07-636C |
| Plaintiffs, | ) | (Judge Lynn J. Bush) |
| v. | ) | |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD**

Plaintiffs John C. Frazier, III (d/b/a Markley Cove Resort), Laguna Hermosa Corporation (d/b/a Rancho Monticello Resort), REL Limited (d/b/a Spanish Flat Resort), and Steele Park Resort, Inc. (together, "Resort Owners"), respectfully request this Court to supplement the administrative record with additional documents.[1] Specifically, Plaintiffs request that the Court add the following documents to the record:

1. Two declarations of Robert White, one of which was submitted as part of Plaintiffs' complaint and motion for injunctive relief; the other is being submitted in support of Plaintiffs' reply to Defendant's cross-motion for judgment upon the administrative record. Ex. A. These Declarations address issues raised by Defendant in its cross-motion and provide information necessary to fully understand the issues raised in this protest.

[1] Counsel for Plaintiffs was unsuccessful in his attempts to contact counsel for Defendant to determine whether Defendant opposes this motion. As a result, Plaintiffs are unable to state whether Defendant opposes this motion.

2. Correspondence between Steele Park Resort and the agency regarding arbitration proceedings, an issue raised by Defendant in its cross-motion for judgment upon the administrative record. Ex. B.

3. The agency's "Project Request and Approval Forms" which set forth the agency's directives regarding removal of mobile homes and trailers, and respond to issues raised by Defendant in its cross-motion for judgment upon the administrative record. Ex. C.

4. To the extent not already incorporated by Defendant in the administrative record, all documents contained in Plaintiffs' two-volume Appendix accompanying their complaint and motion for injunctive relief in this case.

**ARGUMENT IN SUPPORT OF MOTION**

This Court has acknowledged that the administrative record in the contract award context "is something of a fiction" because "due to the absence of a formal record, the agency has to exercise some judgment in furnishing the court with the relevant documents." *Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 345, 350 (1997). Indeed, "allowing the agency to retroactively delineate the scope of review may preclude the 'substantial inquiry' and 'thorough, probing, in-depth review' the court must perform to determine whether the agency's action was arbitrary and capricious." *Mike Hooks, Inc. v. United States*, 39 Fed. Cl. 147, 156 (1997). Thus, "this court has adopted a flexible approach both in putting together the evidence that will be considered and in discovery, balancing the limited nature of the court's review with the competing need to recognize potential exceptions to treating the agency's submission as the four corners of the inquiry." *Cubic*, 37 Fed. Cl. at 350.

In addition to allowing supplementation of the record to preserve meaningful judicial review, this flexible approach permits supplementation with "relevant information that by its

very nature would not be found in an agency record—such as evidence of bad faith, information relied upon but omitted from the administrative record, or the content of conversations." *Orion International Technologies v. United States*, 60 Fed. Cl. 338, 344 (2004). The emphasis in *Orion* on "relevant information" is apt in this case, as all of the documents Plaintiffs seek to incorporate into the administrative record either relate directly to the agency actions in dispute, or respond to allegations raised by Defendant in its cross-motion for judgment upon the administrative record.

This Court's review of the administrative record is generally confined to the record "already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). However, under certain circumstances, the court may permit the parties to supplement the administrative record to "preserve a meaningful judicial review." *Rust Constructors, Inc. v. United States*, 49 Fed. Cl. 490, 496 (2001). *Esch v. Yeutter*, 876 F.2d 976 (D.C. Cir. 1989), lists circumstances courts should take into consideration, any one of which may justify supplementing the administrative record:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; … ; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

*Id.* at 991.

The documents at issue in this motion all relate either to issues raised by Defendant in its cross-motion for judgment upon the administrative record, or will provide information that will assist the Court's understanding of the issues presented by this bid protest.

Accordingly, the Plaintiffs request this Court to enter an order to supplement the administrative record by adding the documents described above.

Respectfully submitted,

/s/Gregory T. Jaeger

Gregory T. Jaeger
MARZULLA & MARZULLA
1350 Connecticut Ave, NW
Suite 410
Washington, D.C. 20036
Telephone: (202) 822-6760
Facsimile: (202) 822-6774

Dated: October 9, 2007