**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **JOHN C. FRAZIER III and LINDA FRAZIER, d/b/a MARKLEY COVE RESORT; LAGUNA HERMOSA CORPORATION, d/b/a RANCHO MONTICELLO RESORT; REL LIMITED, d/b/a SPANISH FLAT RESORT; and STEELE PARK RESORT, INC.,** | **Bid Protest** |
| **Plaintiffs,** | **No. 07-636C** |
| **THE UNITED STATES,** | **(Judge Lynn J. Bush)** |
| **Defendant.** | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Defendant, the United States, respectfully submits its opposition to plaintiffs' motion to supplement the administrative record dated October 9, 2007.

Plaintiffs seek to add four categories of documents to the administrative record. The first category involves two made-for-litigation declarations of Robert White, the treasurer of Rancho Monticello, one of the plaintiffs in this case. Pl. Mot. to Supplement (Oct. 9, 2007) at Ex. A. The second category involves two letters between plaintiff Steele Park and the Bureau of Reclamation ("Reclamation"), sent several weeks after the issuance of the Prospectus. Id. at Ex. B. The third category of documents involves a form request from a mobile home owner to remove a mobile trailer from Lake Berryessa, plus an approval form from Reclamation, with these documents also dated several weeks after the issuance of the Prospectus. Id. at Ex. C. The fourth category involves "all documents contained in Plaintiffs' two-volume Appendix accompanying their complaint and motion for injunctive relief in this case." Id. at 2.

For the reasons detailed below, we oppose the supplementation of the administrative record by the first three categories of documents listed by plaintiffs, and oppose in part, the supplementation of the record by the fourth category of documents.

We oppose the introduction of the first category of documents, the declarations of Mr. White, because they are self-serving, made-for-litigation declarations that cannot have been part of the administrative record, and because, in any event, they are hearsay and contain demonstrably incorrect statements.

We oppose the introductions of the second and third categories of documents because they were not created until after the Prospectus was issued, and thus, they too, cannot have been part of the administrative record. Moreover, they have no direct bearing on the Prospectus.

Finally, with respect to plaintiffs' fourth category of documents, we oppose two of the documents that plaintiffs attempt to add to the administrative record from the appendix filed with their initial motion. First, we oppose adding the declaration of Mr. White (App. Ex. 3) to the record for the same reasons that we oppose this very same declaration as annexed in plaintiffs' first category of documents. Second, we oppose the introduction of a complaint from another case (App. Ex. 22) because that complaint was not part of the administrative record considered by Reclamation in issuing the Prospectus. Furthermore, the addition here of only the plaintiffs' allegations and annexed documents in that case (e.g., without the addition of the defendant's responsive filings) is prejudicial to us.

# ARGUMENT

## I. Standard of Review

Section 1491(b)(4) requires the Court to "review the agency's decision pursuant to the standards set forth in section 706 of Title 5," the Administrative Procedure Act ("APA"). 28 U.S.C. § 1491(b)(4). It is well-settled that the APA does not permit the Court to undertake a de novo review of agency action, but rather limits the Court to a consideration of whether the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," based solely upon the record before the agency. 5 U.S.C. §§ 702, 706(2)(A).[1]

This Court's review of bid protests pursuant to this deferential standard is limited to the administrative record already in existence, "'not some new record made initially by the reviewing court.'" Pikes Peak Family Hous., LLC v. United States, 40 Fed. Cl. 673, 676 (1998) (quoting Cubic Application, Inc., v. United States, 37 Fed. Cl. 339, 342 (1997)). Accordingly, this Court confines its review to the administrative record, i.e., the record that was before the decision maker at the time of the award. Advanced Data Concepts, Inc. v. United States, 216 F.3d 1054, 1057 (Fed. Cir. 2000); Aero Corp. v. United States, 38 Fed. Cl. 408, 410 (1997).

The administrative record should not include materials created or obtained subsequent to the time the agency decided to take the challenged action, since such materials could not have been considered by the agency in making its decision. Great Lakes Dredge & Dock Co. v. United States, 60 Fed. Cl. 350, 359 (2004). For example, in a post-award bid protest context, documents that were created after the contract award and that could not have been considered by

[1] Section 706(2) of the APA provides that, in reviewing the validity of an agency action, "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C § 706(2).

the contracting officer are generally not considered proper supplements to the administrative record. Emerald Coast Finest Produce Co. v. United States, 76 Fed. Cl. 445, 450 (2007); Precision Standard, Inc. v. United States, 69 Fed. Cl. 738, 745-46 (2006).

Nor should the administrative record include self-serving, made-for-litigation declarations, especially those made without corroborating evidence.

> With respect to the evidentiary sufficiency of an "uncorroborated" statement by plaintiff, the Court of Federal Claims stated in Doe v. United States, 58 Fed. Cl. 479, 483 (2003) that "'[s]elf-serving affidavits without factual support in the record will not defeat a motion for summary judgment.'" (quoting Shank, 192 F.3d at 682 (quotation omitted) and citing Litton Indus. Prods., Inc. v. Solid State Sys. Corp., 755 F.2d 158, 164 (Fed. Cir.1985) (stating that "mere allegations by declaration or otherwise do not raise issues of fact needed to defeat a motion for summary judgment")).

Impresa Construzioni Geom. Domenico Garufi v. United States, 61 Fed. Cl. 175, 181 (2004). See also Emerald Coast, 76 Fed. Cl. at 450 (denying plaintiff's motion to supplement the record with declarations); Rig Masters, Inc. v. United States, 70 Fed. Cl. 413, 424 (2006) (denying the parties' motions to supplement the record with post award declarations because the Court "review[s] the materials before the agency when it made its procurement selections and cannot accept any 'post hoc rationalizations'"); Rust Constructors, Inc. v. United States, 49 Fed. Cl. 490, 497 (2001) (denying plaintiff's motion to supplement the record with two declarations which provided "a critique of the solicitation and administrative record"); SDS Int'l v. United States, 48 Fed. Cl. 742, 748 (2001) (denying plaintiff's motion to supplement the record with a declaration that was "based solely on recollection and created after the fact," without any showing that the record provided an inadequate explanation of the basis for the agency action).

Therefore, in the context of a bid protest, courts traditionally have confined the administrative record to that developed by the agency prior to its decision to bestow the contract award. See Rust Constructors, 49 Fed. Cl. at 496; SDS Int'l, 48 Fed. Cl. at 747. Only when the Court cannot conduct meaningful judicial review from the administrative record is supplementation of the record appropriate. Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1338 (Fed. Cir. 2001) (citation omitted).

In determining whether to look outside of the record for an explanation of an agency decision, the Court must start its analysis with the presumption of regularity that attaches to agency decision-making. See Impresa, 238 F.3d at 1338 ("Because of that presumption of regularity, the agency should not be required to provide an explanation unless that presumption has been rebutted by record evidence suggesting that the agency decision is arbitrary and capricious. The litigant challenging that presumption necessarily bears a heavy burden.") (citation and footnote omitted).

## II. The Declarations Of Robert White Should Not Be Added To The Administrative Record

The first category of documents plaintiffs seek to add to the administrative record contains two declarations of Robert White, treasurer of plaintiff Rancho Monticello. The declarations were executed on October 9, 2007, and on August 20, 2007. Pl. Mot. to Supplement (Oct. 9, 2007) at Ex. A. These are obviously made-for-litigation declarations, executed months after the Prospectus was issued, and they both suffer all of the infirmities of post-hoc hearsay submitted for the truth of the matter asserted. They add no credible evidence that the administrative record does not provide an adequate explanation for the terms set forth in the

Prospectus. Accordingly, plaintiffs' motion to add the declarations of Mr. White should be denied. See SDS Int'l, 48 Fed. Cl. at 748; see also Emerald Coast, 76 Fed. Cl. at 450; Rig Masters, 70 Fed. Cl. at 424; Rust Constructors, 49 Fed. Cl. at 497.

The supplementation of the administrative record with Mr. White's declarations is particularly unwarranted here given that we have shown that certain statements made by Mr. White are simply incorrect. For example, plaintiffs' motion credits the affidavit of Mr. White in arguing that the Prospectus should be enjoined because Reclamation did not follow its appraisal instructions and statement of work in valuing plaintiffs' permanent facilities. Mr. White's assertions in this regard are demonstrably incorrect. See Def. Op. and Cross-Mot. (Sept. 14, 2007) at 14-16, 43-44; Def. Reply (Oct. 17, 2007) at 11-13.

Similarly, Mr. White's outlandish claim in his recent declaration that "[t]he California Department of Transportation only issues two permits for the transport of travel trailers and mobile homes per week" (White Decl. (Oct. 9, 2007) at ¶ 4) is also blatantly off the mark. In fact, although the California Department of Transportation only permits the transportation of mobile homes on the relevant stretch of Highway 128 on Mondays and Wednesdays, it has no restrictions on the number of permits that are issued for each of those days.[2] Indeed, if Mr. White's unqualified statement was true, the mobile home industry in California would be in a crises due to an inability to transport mobile homes within the State.

In short, Mr. White's made-for-litigation declarations are patently unreliable, evidencing all of the hearsay problems that caution against their consideration as apart of an administrative

---

[2] This information was obtained by us on October 10, 2007, through discussion with Robert Orozco of the Cal-Trans Sacramento Transportation Permit Office at 916-322-1297.

record. See Impresa, 61 Fed. Cl. at 181 (self-serving declarations cannot raise issues of fact needed to defeat a motion for summary judgment).

## III. Documents Created Following The Issuance Of The Prospectus Should Not Now Be Added To The Record

We oppose plaintiffs' motion to now introduce into the record the second and third categories of documents described by plaintiffs. The second category of documents consists of two letters exchanged in July 2007 between plaintiff Steele Park Resort, Inc. ("Steele Park") and Mike Finnegan of the United States Department of the Interior. Pl. Mot. to Supplement (Oct. 9, 2007) at Ex. B. The third category consists of two forms pertaining to a mobile home owner's request for Reclamations' approval of the removal of his mobile home from Lake Berryessa. Id. at Ex. C. The request was submitted in late July 2007; Reclamation's approval was issued on August 21, 2007.

The Prospectus at issue in this case was issued on June 7, 2007. AR1257. Thus, the second and third category of documents originated long after the Prospectus was issued. Accordingly, these documents were obviously not considered by Reclamation in preparing the Prospectus, and, therefore, are not proper supplements to the administrative record. See Great Lakes, 60 Fed. Cl. at 359; Emerald Coast, 76 Fed. Cl. at 450; Precision Standard, 69 Fed. Cl. at 745-46.

Apart from this fact, it is clear that these documents don't directly concern the Prospectus. The letters between Steele Park and Mr. Finnegan concern an issue involving the arbitration clause in Steele Park's existing contract. Such a subject is beyond the purview of a properly considered bid protest claim. Circle Line-Statute of Liberty Ferry, Inc. v. United States,

76 Fed. Cl. 490, 496 (2007); Northern Telecom Inc. v. United States, 8 Cl. Ct. 376, 681 (1985). Even so, in our reply brief, we demonstrate that Steele Park has unmistakably misread its contract with the Government and that, under the plain language of the contract, its demand for arbitration set forth in its letter to Mr. Finnegan is baseless. See Def. Reply (Oct. 17, 2007) at 14-15.

The forms concerning a mobile home owners request for Reclamation's approval of the removal of the mobile home similarly do not concern the Prospectus. The Prospectus concerns bids by concessionaires for the provision of short-term visitor services at the concession areas at Lake Berryessa. It does not concern any bids by mobile home owners, all of whom, under any reading of the Prospectus, must remove their mobile homes from the Federal land at Lake Berryessa by the end of the current concessionaires' contracts. Thus, these forms can add nothing to this Court's consideration of the administrative record in this case. The Court should deny plaintiffs' motion to add the second and third categories of documents to the administrative record.

## IV. Certain Documents From Plaintiffs' Appendix Filed With Its Initial Motion Should Not Be Admitted Into The Administrative Record

In connection with plaintiffs' initial brief filed on August 27, 2007, plaintiffs submitted an appendix of twenty-two documents. We oppose the addition to the administrative record of two of these documents. First, we oppose the addition of Exhibit 3, the declaration of Mr. White, dated August 20, 2007, for the same reasons that we oppose this very same declaration as annexed as part of Exhibit A to plaintiffs' motion to supplement the administrative record. See above at 5-6.

Second, we oppose the addition of the complaint and accompanying documents from another case, Berryessa for All v. United States, No. 07-259, filed in the United States District Court for the Northern District of California. This complaint does not involve the concessionaire plaintiffs, but certain mobile home owners from Lake Berryessa. It was not considered by Reclamation in preparing the Prospectus, which follows, of course, because, again, the Prospectus is a solicitation for concessionaire contracts and the new contracts will not permit mobile homes to remain on Federal land at Lake Berryessa. See Advanced Data, 216 F.3d at 1057 (the Court should confine its review to the administrative record); Aero Corp., 38 Fed. Cl. at 410.

Furthermore, merely submitting a complaint from another action is prejudicial because it presents only one side of the story in that case. Plaintiffs did not seek to introduce any of the Government's responsive filing in that case. Accordingly, it would be prejudicial to us for this Court to merely consider the complaint in that action. Therefore, plaintiffs request to add the complaint from the Northern District of California to the administrative record here should be denied.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny plaintiffs' motion to supplement the administrative record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit - 8th Floor
Washington, D.C. 20530
Tel. 202-353-7972
Fax. 202-514-8640
Attorneys for Defendant

OF COUNSEL:

JAMES E. TURNER
Assistant Regional Solicitor
Office of the Solicitor
Pacific Southwest Region
United States Department of the Interior
2800 Cottage Way
Room E-1712
Sacramento, California 95825-1890
Tel. 916-978-5685
Fax. 916-978-5694

October 15, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of October 2007, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson